IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELIA T. WATKINS, | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-11-2201 |
| SUSAN STEINBERG | * | |
| Respondent | * | |

**MEMORANDUM**

On August 9, 2011, Elia T. Watkins filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued commitment to the Clifton T. Perkins Hospital Center ("Perkins"). ECF No. 1. Respondent moves to dismiss the petition on the basis that Watkins has failed to exhaust his claim in state court.[1] ECF No. 7. Petitioner has been notified of his right to file an opposition and has responded. ECF Nos. 8 & 9.

**Background**

In 1993, Watkins pled guilty and not criminally responsible to a sexual offense with a minor. He was found not criminally responsible and committed to the Department of Health and Mental Hygiene ("DHMH"). ECF No. 1 and ECF No. 7, Ex. 1. Watkins maintains that he is no longer a danger to himself or others and therefore should be released from Perkins, placed on conditional release, or placed in a different facility.[2] ECF No. 1.

**Analysis**

Under Maryland law, after a person is found not criminally responsible, that person is

---

[1] Petitioner has filed a motion for summary judgment (ECF No. 5) which shall be denied.

[2] Petitioner's complaints regarding the conditions of his confinement are not properly before the court. The court notes that he has raised those claims in other proceedings. *See Watkins v. Davenport*, Civil Action No. JFM-10-1908 (D. Md.)

committed to the DHMH for treatment.  *See* Md. Code Ann., Crim. Proc. § 3-112(a).  A person so committed is eligible for discharge "only if that person would not be a danger, as a result of mental disorder…to self or the person or property of others if discharged." *Id*., § 3-114(b). Similarly, a person so committed to the DHMH is eligible for conditional release from commitment "only if that person would not be a danger, as a result of mental disorder…to self or to the person or property of others if released from confinement with conditions imposed by the court."  *See* § 3-114(c).

Md. Code Ann., Crim. Proc. §§ 3-115 *et seq* provides the statutory means for a committed person to obtain a discharge or conditional release from their commitment.  Pursuant to §3-119, a committed person may request either an administrative hearing or a jury trial to determine the person's eligibility for release.  Under either scenario, the committed person must prove that he is no longer a danger to himself or others if released with or without conditions.  A committed person is entitled to request such a hearing annually.

Petitioner requested a jury trial in accordance with Md. Code Ann., Crim. Proc. § 3-119(c)(1).  A jury trial was held on July 13, 2011, in the Circuit Court for Baltimore County. The jury found that as a result of mental illness, petitioner, if discharged or released from confinement, is still a danger to himself or other persons and property and therefore he should continue to be confined to the DHMH for care and treatment.  Accordingly, the Circuit Court ordered petitioner's commitment to DHMH continued.  ECF No. 7, Ex. 1.  Pursuant to Md. Code Ann., Crim. Proc. § 3-119(d)(2) "an appeal from a circuit court order shall be by application for leave to appeal to the Court of Special Appeals."  Petitioner did not file an application for leave to appeal the decision to continue his commitment.  ECF No. 9.

Watkins's petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. §2241.  *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Watkins must exhaust each claim presented by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).  Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).  Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate the Maryland Court of Appeals.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Watkins may seek relief directly from Maryland courts either administratively or by requesting a jury trial in the Circuit Court as to the necessity of his continued commitment.  The denial of release by the Circuit Court is appealable by way of application for leave to appeal to the Maryland Court of Special Appeals.  *See* Md. Code Ann., Crim. Proc. § 3-119(d)(2).  There is no dispute that petitioner has failed to exhaust his state court remedies.  If Watkins prevails in the above proceedings, the need for this court's involvement is obviated.  This court may not entertain the issues presented in the petition while the Maryland courts have not had the

opportunity to fully review the claims raised.

Watkins has no absolute entitlement to appeal a district court's denial of his habeas corpus request.  *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c) (2).  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. Daniel*, 529 U.S. 473, 484 (2000)).  Watkins has failed to demonstrate entitlement to a COA in the instant case.

**Conclusion**

Accordingly, based upon the foregoing reasons, the habeas corpus relief requested shall be denied without prejudice and dismissed as unexhausted.  A certificate of appealability shall not issue and the Clerk shall be directed to close this case.

_____March 15, 2012_____          _____/s/_____
Date                                                              J. Frederick Motz
                                                                  United States District Judge